UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANTA TORI RIVERS,

    Plaintiff,

v.                              Case No. 8:07-cv-184-T-24TBM

SGT. LEONARDO DIAZ,
DEPUTY ANDREA EAGON,
DEPUTY MATTHEW LUCKEY,
DEPUTY CHRISTOPHER TUMINELLA,
JOHN DOES, SHERIFF DEPUTIES,

    Defendants.

_____

O R D E R

      This cause is before the Court on the Defendants' motion to strike oral and written orders of United States District Judge Richard Lazzara related to the suppression of the evidence from the September 9, 2004, HCSO arrest and search of the Plaintiff, as well as the Judge's comments and opinions regarding the Defendants. (Doc. No. 34).

      Defendants seek to have this Court strike and suppress the oral and written comments and express orders which United States District Judge Richard Lazzara generated in Case No. 8:04-cr-602-T-26MSS (hereinafter "Criminal Case"). These comments and orders reflect and memorialize his judicial analysis of the September 9, 2004 arrest and search of Plaintiff Rivers and his automobile; and the Judge's general and

specific findings and opinions concerning the reliability and credibility of then Sergeant Leonardo Diaz, Deputy Andrea Eagon, Deputy Matthew Luckey, and Deputy Christopher Tuminella. The foregoing are Defendants in Rivers' 42 U.S.C. §1983 civil rights case presently before this Court.

## Background

The Plaintiff, Shanta Tori Rivers, is currently incarcerated in the Williamsburg, South Carolina, Federal Correctional Facility based on a 2005 federal criminal conviction for a violation of Title 18, United States Code, Section 922(g) [felon in possession of a firearm] offense; and, a violation of Title 21, United States Code, Section 844(a) [felony possession of Marijuana] offense. (*See* Criminal Case, Doc. No. 67[Judgment]).

The United States obtained a True Bill of Indictment from a Middle District of Florida Grand Jury against the Defendant on December 14, 2004. *(See* Criminal Case, Doc No. 13). The Indictment contained four separate counts. *Id.*

On March 21, 2005, Rivers plead guilty to Counts Three and Four of the original Indictment before United States District Judge Richard Lazzara. (*See* Criminal Case, Doc. No. 56). The evidence that proved Counts Three and Four of the Indictment emanated from an arrest and vehicle search conducted by Hillsborough County Sheriff's Office (hereinafter "HCSO") deputies on January 2, 2004.

Between the December 14, 2004, Indictment and the March 21, 2005, entry of Rivers' guilty plea to counts three and four of the Indictment, Rivers filed a motion in the Criminal Case urging Judge Lazzara to suppress evidence generated from a September 9, 2004, HCSO arrest and search of Rivers. The evidence in question was relevant to Counts One and Two of the Indictment.

In his motion to suppress, Rivers alleged that on September 9, 2004, HCSO deputies conducted an illegal traffic stop, and arrested and searched him without probable cause. Rivers sought to exclude (from evidence) a stolen .40 caliber semi-automatic

handgun, as well as a minute amount of marijuana found in Rivers' automobile during the search.

On February 11, 2005, Judge Lazzara held a hearing to take testimony and to resolve the issues raised by Rivers' motion to suppress. *(See* Criminal Case, Doc. No. 34). During the hearing, Deputy Andrea Eagon, Deputy Matthew Luckey, and Deputy Christopher Tuminella, three of the four Defendants in this civil case, testified on behalf of the Government.[1]

During the proceedings, Judge Lazzara made a number of negative observations regarding the HCSO deputies. Subsequently, the Court issued two separate orders. *(See,* Criminal Case, Doc. Nos. 38 and 40.)  In these orders, the Court ruled that the evidence of the small amount of marijuana, and the stolen semi-automatic handgun found in the search on September 9, 2004, would be suppressed.[2]  As a result, counts one and two of the Indictment were dismissed on the Government's motion at the June 23, 2005 sentencing hearing.

Rivers signed his original 42 U.S.C. § 1983 federal civil rights complaint in the present case on December 10, 2006.  He filed the complaint on January 26, 2007. On or about June 13, 2007, Rivers filed an amended complaint pursuant to 42 U.S.C. § 1983 (hereinafter "Complaint") (Doc. No. 22).

## Discussion

In the first claim of his Complaint, Rivers contends that on September 9, 2004, Deputies Eagon, Tuminella, and Luckey violated his constitutional rights by stopping him and searching him without probable cause. In the second claim, Rivers charges that Defendant Diaz harassed him by allowing the deputies to stop Rivers on September 7 and 9, 2004. In the third claim, Rivers alleges that Deputy Eagon and Deputy Luckey violated

---

[1] Defendant Diaz did not testify at this hearing.

[2] Consistent with the Court's comments at the hearing, Judge Lazzara was critical of the HCSO deputies.

his Fourth and Fourteenth Amendment rights by illegally stopping him on August 15, 2004. In the final claim, Rivers alleges that Deputies Eagon, Tuminella and Luckey violated his due process rights by committing perjury in the Criminal Case suppression hearing.

Rivers, in his Complaint, makes several references to the findings made by Judge Lazzara in the Criminal Case. (E.g., *See* paragraphs 71 through 74 of the Complaint). It appears that Rivers intends to use Judge Lazzara's comments, orders and rulings as evidence in the present civil case.

It is undoubtedly true that Judge Lazzara's orders -- suppressing the evidence generated by the September 9, 2004, HCSO arrest and search of Rivers - - addressed and resolved issues which are similar or identical (probable cause) to those raised by Rivers in his Complaint. Judge Lazzara's resolution was favorable to Rivers' interests, and inimical to the interests of the Government in the Criminal Case.

Notwithstanding the effect on the Criminal Case, Judge Lazzara's orders do not provide a res judicata basis for Rivers to prevent Defendants from claiming privileges or raising defenses in the instant civil case. "Under res judicata, a final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in **that action**." *Allen v. McCurry* 449 U.S. 90, 94 (1980) (*citing Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876) (emphasis added). Rivers' instant civil case is a different action from the above-described Criminal Case, and the concept of res judicata does not apply because the parties are not the same.

Likewise, Rivers cannot show that collateral estoppel prevents Defendants from claiming privileges or raising defenses in the present civil case. "Under collateral estoppel once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first cause." *Allen v. McCurry* at 94. To preclude re-litigation through the application of collateral estoppel, Rivers must show that between the Criminal Case and

<pre>
</pre>

this civil suit there exists: (1) **an identity of the parties or their privies**; (2) an identity of the causes of action; and (3) a final judgment on the merits." E.g., *See, Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir. 1988); *Garza v. Henderson*, 779 F.2d 390 (7th Cir.1985)(emphasis added).

In Florida, collateral estoppel applies, if in a subsequent case: (1) there is an identical issue; (2) the issue has been fully litigated in an earlier matter; (3) the litigation was between **the same parties or their privies**; and, (4) a final decision has been rendered in the earlier case. *Quinn v. Monroe County,* 330 F.3d 1320, 1329 (11th Cir. 2003) (In 1983 cases, federal courts considering whether to give preclusive effect to state court judgment must apply that state's law of collateral estoppel) (emphasis added).

In the present case, the Defendants, who are HCSO deputies, were not parties or in privity with the Government in the federal Criminal Case in which Judge Lazzara issued his orders. *See, Hardesty v. Hamburg Township,* 461 F.3d 646 (6th Cir. 2006); *Shamaeizadeh v. McCurry,* 338 F.3d 535, 546 n4 (6th Cir. 2003).

Since Rivers cannot use Judge Lazzara's orders to preclude the Defendants from re-litigating any and all of the issues that were resolved in his favor in the Criminal Case, Judge Lazzara's comments and orders are not relevant to any issue in this cause in accordance with the parameters of Fed. R. Evid. 401 and 402. Furthermore, there is no exception or exemption to the hearsay rule in Fed. R. Evid. 801(d), 802, 803, 804, 805, 806 or 807 that would permit the admission of Judge Lazzara's comments or his orders. *See United States v. Jones,* 29 F.3d 1549, 1552-1553 (11th Cir. 1994).

Further, this Court may not use Judge Lazzara's orders to establish the truth of the matters asserted by Rivers. *Jones,* 29 F.3d at 1553-1554 (trial court committed reversible error by allowing prior order of a different Court to establish the factual basis for grant of summary judgment).

Rivers cites *United States v. Thompson*, 422 F.2d 1285 (11th Cir. 2005) in opposition to the motion to strike. *Thompson* has no bearing on this case. *Thompson* stands for the proposition that a district court may rely on credibility determinations of its United States Magistrate Judge, when and if the Magistate Judge is acting within the same criminal case, and issuing a Report and Recommendation for the district court. *Thompson*, 422 F.2d at 1297.

Rivers' Opposition to the Motion To Strike

Rivers' arguments, based on *Thompson (*see paragraph above*), United States v. Plum,* 558 F.2d 568 (10th Cir. 1997), *Allspattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344 (S.D. Fla. 2005), *New Hampshire v. Maine*, 532 U.S. 742 (2001), and *Teledyne Industries v. National Labor Relations Board*, 911 F.2d 1214 (6th Cir. 1990) are not persuasive.

Accordingly, the Court orders:

That Defendants' motion to strike oral and written orders of United States District Judge Richard Lazzara related to the suppression of the evidence from the September 9, 2004, HCSO arrest and search of Rivers, as well as his comments and opinions regarding the Defendants (Doc. No. 34) is granted.

ORDERED at Tampa, Florida, on January 7, 2008.

SUSAN C. BUCKLEW  
United States District Judge

Counsel of Record  
Shanta Tori Rivers